JOHN BULFINCH, administrator, in review, *vs.* WILLIAM BENNER.

*Preferred claims not to be proved before insolvency commissioners.*

An action of debt, to recover taxes assessed against the person and estate of one who has since died insolvent, can be maintained against his administrator, without having laid the claim therefor before the commissioners of insolvency appointed upon said estate; since preferred claims are not required to be proved before such commissioners.

ON REPORT.

William Benner of Waldoboro, in this county, was chosen collector of taxes by that town, in 1861, and qualified for and entered upon the duties of that position. Among the taxes committed to him were those against Evarts Bulfinch, a resident of Waldoboro, amounting in all (state, county, town and school district)

to forty-nine dollars and fifty-seven cents. The regularity of the assessment, and the liability of the citizen to taxation there, were not denied. Before any portion of these taxes against Mr. Bulfinch were collected he died, and John Bulfinch, the plaintiff in review, became the administrator of his estate, which proved insolvent, was so represented, and commissioners of insolvency were appointed who met conformably to the requirements of their commission and reported upon such claims as were laid before them. By a certified copy of the administrator's first account—not referred to in the report, nor made part of the case, but accompanying the papers that came from the court into the hands of the reporter—it appeared that he charged himself with six thousand dollars, the whole amount at which the estate was inventoried, and was allowed $7,078.90, for what, by the account, purported to be "payments and charges entitled to preferences under the laws of the United States;" showing a balance of $1,078.90 due the administrator.

The claim for taxes hereinbefore mentioned was not presented before the commissioners of insolvency, but payment was demanded of the administrator and refused. Thereupon the inhabitants of Waldoboro, at the June term, 1862, of the probate court for Lincoln county, presented their petition, stating their claim and its non-payment; that the account as settled was fraudulent as to them, and that assets were actually in the hands of the administrator; and praying that he be cited to settle another account and, failing to do so, for leave to sue his administration bond. The administrator not appearing in response to the notice given him of this petition, leave was granted at the term holden July 7, 1862, to sue his bond; from which order he appealed, but was held by this court in 54 Maine, 150, not entitled to appeal because not aggrieved. While this appeal was pending, to wit, December 18, 1863, Mr. Benner sued Mr. John Bulfinch, as administrator, to recover these taxes.

There was an entry made in accordance with a written agreement of counsel, that this last suit should abide the determina-

tion of the appeal; and as that was dismissed, the plaintiff in review now claims that the action at law should have been dismissed with it; but it will be perceived by a reference to 54 Maine, 152, that this court thought otherwise ; for, in the closing paragraph of the opinion, they say : "Inasmuch as we can give no opinion upon the main matters in controversy between the parties in this case, the stipulation with regard to the disposition of the suit *Benner* v. *Bulfinch,* adm'r, becomes inoperative."

The order for the dismissal of Mr. Bulfinch's appeal was received June 14, 1867, and entered as of the fifth day of the preced ing May term.   Upon the first day of the ensuing October term, 1867, the action of *Benner* v. *Bulfinch,* adm'r, was defaulted, and judgment was entered upon the default for $61.16 debt and $39.46 costs, and execution issued therefor November 25, 1867. This execution was fully paid by John Bulfinch to Henry Farrington, the plaintiff's attorney, August 3, 1868, and a receipt in full of that date, indorsed thereon.   At the April term, 1869, of this court, Mr. Bulfinch presented a petition for a review of Mr. Benner's said suit against him, alleging as the principal reason, the agreement in writing between him and Mr. Farrington that the action should abide the decision of the appeal from the judge of probate; that the default was obtained without his knowledge and in violation of said agreement; and that he paid the execution only in consequence of Farrington's representation that he had a copy of the opinion in the appeal case from the reporter, and that the default was in accordance with the determination of the appeal; which the petitioner contended was not the fact.   The petition for review was granted at the October term, 1869, and at the October term, 1873, the present report of this case brought August 6, 1872, was made up in which it was admitted that Mr. Bulfinch paid the execution in consequence of Mr. Farrington's statement to him that the default and judgment were according to agreement aforesaid signed by them.   It is obvious that there was something to be said in support of this view of the effect of the dismissal of the appeal, since it was decided adversely to the ad-

ministrator, and left him liable to a suit upon his bond by license of the judge of probate.

If the foregoing facts furnished any defence to the plaintiff in review, the action was to stand for trial; otherwise judgment was to be entered for the defendant in review (who was the original plaintiff) for his costs—the former judgment having been satisfied, as aforesaid.

*John Bulfinch pro se.*

*Henry Farrington* for William Benner.

DANFORTH, J. The original action was to recover the amount of town and school district taxes assessed in the town of Waldoboro in 1861 to the defendant's intestate. No question is raised as to the legality of the assessments, or to the competency of the defendant in review to sue for them.

The only defence under the report is that the estate was duly rendered insolvent, and the claim was not presented to, or proved before the commissioners. This at the commencement of the action was, and still is, a preferred claim. R. S., c. 66, § 1, class 4. It was therefore unnecessary that it should be laid before the commissioners. R. S., c. 66, § 17; *Flitner* v. *Hanley,* 19 Maine, 261.

As a further defence it is claimed in argument that all the estate was required for the payment of prior preferred debts, and to show this, a copy of an account settled in the probate court by the administrator is offered in evidence. But this account, though showing a balance in favor of the administrator, is a first and not a final one, and no allusion is made to it in the report of the case. It is therefore inadmissible, even if it would show what is claimed for it.

As the report shows no defence to the original action, as therein provided, judgment must be entered for the defendant in review. *Judgment for the defendant in review.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and LIBBEY, JJ., concurred.